[S. F. No. 12126. In Bank.—February 17, 1927.]

## CARRIE M. KNOCK et al., Petitioners, v. INDUSTRIAL ACCIDENT COMMISSION, etc., et al., Respondents.

[1] WORKMEN'S COMPENSATION ACT — OVEREXERTION IN HIGH ALTITUDE—COMPENSABLE INJURY. — Upon an application for compensation for the death of an employee, where the Industrial Accident Commission finds that the death was caused by acute dilatation of the heart and that said condition was due to a previous diseased condition being precipitated by the employee's situation in a higher altitude than that to which he had long been accustomed, and the evidence shows that such exposure was connected with a marked degree of overexertion at such higher altitude and was immediately attendant upon the occupation of the employee at the time of his heart attack, it is error to conclude that the injury is not compensable.

[2] ID.—"PRECIPITATION" OF CRISIS.—The term "precipitation" means to hasten the occurrence of an event; and where an employee's death, although arising from an existing heart trouble, is found to have been "precipitated" by overexertion in the course of his employment, an industrial liability exists.

[3] ID.—FINDINGS—EVIDENCE.—In such a case, if a finding of the Industrial Accident Commission that "said situation and precipitation did not constitute an injury arising out of the employment" is a finding of ultimate fact, it cannot be sustained under the undisputed evidence, and if it is a conclusion of law, it is not sustained under the authorities.

(1) **C. J.**, Workmen's Compensation Acts, p. 115, n. 37. (2) **C. J.**, Workmen's Compensation Acts, p. 76, n. 94, 95. (3) **C. J.**, Workmen's Compensation Acts, p. 76, n. 95, p. 123, n. 47, 51, p. 124, n. 59.

APPLICATION for a Writ of Certiorari to review an order of the Industrial Accident Commission denying compensation for death. Order annulled and application remanded.

The facts are stated in the opinion of the court.

George R. Freeman for Petitioner.

1. Death or injury from heart disease caused by exertion as within Workmen's Compensation Acts, note, 19 **A. L. R.** 113.

Warren H. Pillsbury for Respondent United States Fidelity and Guaranty Corporation.

G. C. Faulkner for Respondent Industrial Accident Commission.

RICHARDS, J.—This is a petition for a writ of review wherein the petitioners seek to have reviewed and annulled a decision of the Industrial Accident Commission. The petitioners were refused an award in their favor upon their application for such award against Montezuma Ranch Company, Inc., and its insurance carrier, United States Fidelity and Guaranty Corporation, the former of these having been the employer of one Malcolm A. Knock, deceased, at the time of his death, and who was alleged to have come to his death through injuries received while such employee of said corporation and in the course of his employment. The undisputed evidence presented before the Commission at the time of the hearing upon said application showed that said Malcolm A. Knock had for several years prior to the time of his death been an employee of the Montezuma Ranch Company, Inc., the principal place of his employment and activities thereunder being upon the properties of said corporation at Collinsville, along the lower reaches of the Sacramento River. During the month of June, 1924, he was required by his employer to go to McArthur, California, for the purpose of inspecting certain peat lands in that region in order to gain information as to the best methods of handling such lands in the interest and for the benefit of his employer. Mr. Knock, with a companion, reached McArthur on the afternoon of June 27, 1924, and proceeded immediately to make the investigation of the lands in question. The elevation of McArthur and of the region traversed by Mr. Knock in the course of such investigation is about thirty-three hundred feet above sea level, and the investigation which he was there to make required that he and his companions should walk over the peat lands in question for a distance of some miles. The walking was difficult and laborious, at times over rough country and at others wading through mud and water which frequently came over the tops of their high leather boots, or requiring them to jump over small sloughs, or travel lands trodden with cattle

tracks and trails, or walk along levees built of peat and volcanic ash material upon which it was difficult to maintain a footing. The party walked rapidly at first, but after going some distance it was observed that Mr. Knock was lagging behind and that he complained of feeling unwell. The party returned to the place where the night was to be spent and where Mr. Knock, still complaining of feeling unwell, retired early, but spent a bad night, and early the next morning, left by automobile for Klamath Falls, upon reaching which a doctor was sent for, who undertook to minister to Mr. Knock, and who advised that he be taken to a lower altitude. After another night, during which his condition grew much worse, the party left the following morning to take the train at Ashland, but on the way Mr. Knock died in the automobile, and his body was shipped from Ashland to his home for burial, no autopsy being held.

Upon the hearing before the Commission it was further shown in evidence that prior to taking said trip Mr. Knock had been to all appearances an unusually healthy and active man and that if he was afflicted with any heart trouble prior thereto that fact was unknown to himself, his friends, and his family. Upon the hearing before the Commission the only evidence bearing upon the existence of any previous disorder of that nature consisted in reports received from two physicians, resident in Honolulu, who had examined Mr. Knock several years previously, one of whom, whose examination was casual, thought he had been consulted as to some heart condition, but could give no details; and the other of whom, whose examination was thorough, stated that there were no indications of any heart affection at that time. The only other evidence upon that subject was that of Dr. Johnson, whose report upon the case of Mr. Knock as it came under his observation at Klamath Falls was submitted; of Dr. Lund, who had known the deceased personally and intimately for years, but who had never been consulted by him professionally, and who, after reading the report of Dr. Johnson, gave it as his opinion that the deceased had died from acute dilatation of the heart, probably caused by his overexertion at a high altitude, but that there may have been some previous heart trouble of which the deceased was not conscious and which the overstrain had brought out; of Dr. Walker, who had known the deceased in his lifetime

but had never attended him professionally, but who also, after reading Dr. Johnson's report, together with a statement of the agreed facts attending the presence of the deceased at McArthur and his sudden attack of heart illness there, gave it as his opinion that the cause of the latter's death was acute dilatation of the heart as the result of the high altitude and of his overexertion; of Dr. Kilgore, a medical expert appointed by the Commission, who, upon such report of Dr. Johnson and the statement of agreed facts, gave it as his opinion that the deceased must have been affected with a previous heart affection, with respect to which the altitude or exertion, or both together, may possibly have acted as the last straw *to precipitate* his collapse a few days, weeks, or months sooner than would otherwise have happened. Upon the foregoing state of the record the Commission made and filed its findings and decision, as follows:

"Findings of Fact.

"1. Malcolm A. Knock was employed as a ranch manager on and about June 27, 1924, at Collinsville, California, by defendant Montezuma Ranch Co., Inc. At said time said employer's insurance carrier was United States Fidelity and Guaranty Company, and both employer and employee were subject to the provisions of the Workmen's Compensation, Insurance and Safety Act of 1917 [Stats. 1917, p. 831]. 2. The said employee died on June 29, 1924, his death being caused by acute dilatation of the heart. 3. Said heart condition was due to a previous diseased condition being precipitated by the employee's situation in a higher altitude than that to which he had long been accustomed, but such situation and precipitation did not constitute an injury arising out of the employment. Exposure to a high altitude of a weakened heart, does not constitute an industrial injury.

"Award.

"It is ordered that the applicants take nothing herein."

A petition for rehearing was presented before the Commission and was granted, wherein Dr. Kilgore was called as a witness and repeated in substance the statements made in his former report. Dr. Harbaugh, assistant medical director of the Industrial Accident Commission, was also called and examined, after the submission to him of the same

matters upon which the evidence of Dr. Kilgore had been predicated. He testified that, in his opinion, the cause of Mr. Knock's death was acute dilatation of the heart; that in his opinion the previous condition of the heart of the deceased could not have been normal, even though he was unaware of any existing heart trouble, and that it was his opinion that in view of such previous condition the over-exertion of the deceased was the direct and precipitating factor in causing his death. Upon resubmission a further rehearing was denied. Whereupon the petitioners herein applied to this court for a writ of review.

[1] We are of the opinion that the Commission, upon the undisputed evidence presented before it, as above set forth, was correct in its findings that the death of said decedent was caused by acute dilatation of the heart, and that "said heart condition was due to a previous diseased condition being precipitated by the employee's situation in a higher altitude than that to which he had long been accustomed"; but we are also of the opinion that the Commission was in error in its conclusion that "such situation and precipitation did not constitute an injury arising out of the employment." The further statement of the Commission that "exposure to a high altitude of a weakened heart does not constitute an industrial injury" must be read and understood in connection with the undisputed evidence in the case, which shows that such exposure was connected with a marked degree of overexertion at such high altitude, and that such overexertion was immediately attendant upon the employment and occupation in which the decedent was engaged at the time of his attack with said heart trouble.

[2] The term "precipitation" employed by the Commission in its foregoing findings is a term of well-known significa-tion, meaning the act of precipitating or "to hasten the occurrence of" an event; "the causing to happen or come to a crisis suddenly, unexpectedly or too soon." (Webster's New International Dictionary, subject "Precipitation.") In other words, *to precipitate* is *to accelerate* a casualty. The foregoing finding of the Commission to the effect that the death of the decedent was precipitated by his situation in a higher altitude than that to which he had long been accustomed must therefore be read in the light of the foregoing definition, and also in the light of the undisputed

evidence in the case, and when so read the case, in our opinion, is brought directly within the principle declared by this court in the case of *G. L. Eastman Co.* v. *Industrial Acc. Com.,* 186 Cal. 587, 594 [200 Pac. 17, 20], wherein this court said: "If the disability, although arising from a chronic heart trouble, was brought on by any strain or excitement incident to the employment, the industrial liability still exists. Acceleration or aggravation of a preexisting disease is an injury in the occupation causing such acceleration. [Citing cases.] It can hardly be doubted under this rule that if decedent's incapacity to drive his truck was caused by a heart attack brought on by exertion or sudden shock or excitement incident to his employment on the highway, recovery could be had." The cases from other jurisdictions which have similar statutes relating to industrial injuries are in full accord with the foregoing views. The case of *Patrick* v. *J. B. Ham Co.,* 119 Me. 510 [13 A. L. R. 427, 111 Atl. 912], is an illuminating case, wherein the applicant was stricken with a cerebral hemorrhage while lifting some bags of corn, and wherein it was shown that the decedent prior to the occurrence of his injury was suffering from diseased arteries, predisposing him to cerebral hemorrhage. The supreme court of Maine in such a case, and after much citation of authority, held that the fact that the employee was suffering from diseased arteries, predisposing him to cerebral hemorrhage, was of no consequence in the case, and that the fact that he might or would have died in a week or a year from cerebral hemorrhage was immaterial in view of the fact that his actual stroke occurred while he was directly engaged in the overexertion which his immediate employment required. The case of *Peoria Co.* v. *Industrial Acc. Board,* 279 Ill. 352 [116 N. E. 651], is also much in point, the court in that case holding, after a review of many cases both in this country and in England, that "even where a workman dies from a pre-existing disease, if the disease is aggravated or accelerated under certain circumstances which can be said to be accidental, his death results from injury by accident," and is therefore compensable, citing 1 Bradbury on Workmen's Compensation, 385; Elliott on Workmen's Compensation, 7th ed., 9, and cited cases. [3] It is urged, however, on behalf of the respondents, that the further finding

of the Commission that "said situation and precipitation did not constitute an injury arising out of the employment" is a finding of ultimate fact and as such is sufficient to sustain its conclusion that the resultant death of the decedent did not constitute an industrial injury and that the applicants were not entitled to an award. If the foregoing finding of the Commission is to be held to be a finding of ultimate fact, it cannot be sustained in view of the undisputed evidence in the case as above set forth; and if the foregoing finding of the Commission is to be construed as being a conclusion of law it cannot be sustained under the foregoing authorities. The statement of the Commission that "exposure to a high altitude of a weakened heart does not constitute an industrial injury" may be conceded to be true; but when such exposure is directly attended with an overexertion on the part of the employee, which the undisputed evidence shows and which the findings when reasonably interpreted discloses, the case is taken out of the rule and becomes an industrial injury.

It follows from the foregoing that the conclusion and award of the Commission "that the applicants take nothing herein" was erroneous and that its decision to that effect must be and the same is hereby annulled. The application for an award is remanded to the Commission for further proceedings in accord with the views expressed in this opinion.

Shenk, J., Waste, C. J., Curtis, J., Preston, J., Langdon, J., and Seawell, J., concurred.