[Civ. No. 6071. First Appellate District, Division Two.—December 16, 1927.]

BERTA AVERDIECK et al., Respondents, v. F. L. BARRIS, Appellant.

Knight, Boland & Christin and F. Eldred Boland for Appellant.

Ford, Johnson & Bourquin for Respondents.

KOFORD, P. J.—The plaintiffs, being the surviving widow and children of Richard Averdieck, deceased, recovered a judgment of four thousand dollars for the death of said deceased, caused by the negligent operation of an automobile driven by the defendant. The defendant appeals from the judgment upon the ground that the evidence is insufficient to prove that the negligence of the defendant resulting in injuries to the deceased was the

proximate cause of the death of said deceased and upon the further ground that the amount of the verdict is excessive.

The accident to the deceased occurred October 13, 1921, and the death occurred on May 27, 1923, about nineteen and one-half months later. The deceased was at the time of his death sixty-three years old and the cause of his death according to the testimony and death certificate, was cardia vascular renal disease.

The appellant's argument is scracely distinguishable from an argument upon the weight of the evidence. Appellant emphasizes the quality and directness of the expert witnesses called on behalf of the defendant without printing the expert testimony opposed to them. The respondent, in reply, quotes the testimony of a physician who testified as an expert witness on behalf of the plaintiffs. This physician testified in response to hypothetical questions based upon the testimony of members of the deceased's family and other witnesses. The testimony of this physician covers thirty pages of the typewritten transcript. It is only necessary to consider as much of it as is relied upon in support of the verdict. This physician first testified that an injury which would cause the deceased to remain in bed in the hospital, in bed and in an armchair at home, and to discontinue his usual activities, would have a degenerative effect upon his heart and that such degenerative effect on the heart of a man of the age of deceased if continued would result in death. He explained in some detail the reasons for his opinion. It was then stipulated that the injuries received by the deceased resulted in fractures of the collar-bone and of the fifth to tenth ribs, inclusive, on the left side. When the serious nature of the injuries was thus made known to this expert witness, he explained the possible and probable results of such injuries and gave it as his opinion that the heart disease with the involvement of the blood vessels and kidneys resulted from the injuries received by the deceased at the time of the accident. The testimony of the widow of the deceased was to the effect that deceased was well and active until the time he received the injuries and that since that time until his death he had never recovered, but had

continually. complained of pain in his left side and of difficulty in breathing. We are unable to distinguish in principle the facts of this case from those in *Ensign* v. *Southern Pacific Co.,* 193 Cal. 311 [223 Pac. 953]; *Salmon* v. *Rathjens,* 152 Cal. 290 [92 Pac. 733]; *Moreno* v. *New Guadalupe Min. Co.,* 35 Cal. App. 744 [170 Pac. 1088]. The length of time elapsing between the injury and death of deceased is not a controlling circumstance. It makes no difference in principle. We conclude that the testimony is sufficient to support the implied finding of the jury that the injuries received by the decedent were the proximate cause of his subsequent death.

The deceased, in the interim between his injury and death, recovered a judgment on his own behalf in the sum of two thousand five hundred dollars. This judgment must be taken to include compensation for all general damage suffered by the deceased himself, including the loss of earning capacity. The judgment in the instant case, therefore, represents pecuniary compensation for the loss suffered by the plaintiffs under the provisions of section 377 of the Code of Civil Procedure which would include the loss of society, comfort, and protection afforded by the deceased to his surviving wife and children, two of the children being minors. It is not claimed that the judgment in this case includes any of the pecuniary loss for which compensation was made by the judgment obtained by the deceased on his own behalf during his lifetime; but this prior judgment is used to argue that the amount of the verdict here is excessive in view of the compensation made to the deceased during his lifetime. The case of *Parsons* v. *Easton,* 184 Cal. 764 [195 Pac. 419], is relied upon to show that the verdict in the instant case is excessive. The opinion in the Parsons case shows that the damages there held to be excessive were awarded to the father and mother of a deceased son twenty-seven years old who had scarcely ever contributed anything to the support of his parents, had been a burden and a cause of solicitude and care to them, was physically deformed, and mentally inferior and of restless habits. The relations between the deceased and the plaintiffs here are so entirely different from the Parsons case that there is no comparison whatever. The verdict

of four thousand dollars is not excessive under the facts in this case.

The judgment is affirmed.

Sturtevant, J., and Nourse, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on January 13, 1928, and a petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 14, 1928.