[S. F. No. 13019.  In Bank.—November 2, 1931.]

MARY BUCKLEY, Respondent, v. THEODORE J. ROCHE et al., etc., Appellants.

John J. O'Toole, City Attorney, and Sylvain D. Leipsic, Assistant City Attorney, for Appellants.

William A. Kelly for Respondent.

CURTIS, J.—This is an appeal from a judgment of mandate rendered in favor of petitioner by the Superior Court of the City and County of San Francisco.

The plaintiff is the widow of William Buckley who at the time of his death was a member of the police force of said city and county, and had been such for many years immediately prior to his death. For some time before his death Buckley had suffered from a heart affection which at times rendered it necessary for him to temporarily retire from active duty. His death occurred on the morning of March 7, 1925. Long prior thereto he had been assigned to the photograph gallery of the police department and continued in such assignment up to the time of his death. This photograph gallery was situated on the roof of the Hall of Justice, and was reached by a spiral stairway of two flights of stairs, each consisting of twelve steps. On the morning of his death, in accordance with his usual custom, Buckley reported for duty on the first floor of the Hall of Justice as required by the rule of the police department, and immediately thereafter, and in order to reach the photograph gallery where his police service was required to be performed, he proceeded by elevator to the fifth floor of the building. He then ascended the spiral stairway to the photograph gallery, where he entered upon the discharge of his duties as an officer of the police department. Shortly thereafter and while in said photograph gallery he suffered a heart spasm from which thereafter and within a few hours he died.

The plaintiff herein, the widow of Buckley, made application to the police commission of said municipality for a pension in accordance with the provisions of the charter of said city and county. (Sec. 4, chap. 10, art. VIII.) Her application was denied and she thereupon instituted this action in said superior court for a writ of mandate directed to said commission to compel said commission to grant her a pension under the provisions of said charter as the widow of said William Buckley. Upon a trial of the action, judgment was rendered in favor of the plaintiff and against said board of police commissioners. From this judgment the defendants have appealed.

The case was tried upon a stipulation of facts so there is no dispute regarding any of the facts of the case. The facts recited above were covered by said written stipulation. As to the immediate cause of Buckley's death the stipulation sets forth the facts as follows: "While in said photograph gallery, Buckley suffered a heart spasm from which in a few hours thereafter he died. Said heart spasm resulted from the exertion incident to the stairway ascension."

By the charter of the city and county of San Francisco (sec. 4, chap. 10, art. VIII) it is provided that, "The commission shall, out of the Police Relief and Pension Fund, provide as follows for the family of any officer, member or employee who may be killed or injured while in the performance of his duties, and who shall have died within three (3) years from the date of such injury," etc. The only facts necessary for the petitioner, the widow of Buckley, to prove in order to entitle her to a pension under this provision of the charter were that at the time of the death of Buckley she was his lawful wife, and that he died as a result of an injury sustained while in the performance of his duties. Her lawful marriage to Buckley is conceded. The fact that Buckley died as a result of an injury received while in the performance of his duties, we think is conclusively proven by the stipulation of the parties regarding the cause of his death.

The appellants, the members of the police commission, however, refer to and rely in support of their action in denying the application upon a further provision of said section 4 which reads as follows: "The judgment of said commissioners respecting said application shall be final, unless in determining said application said commissioners commit a clear abuse of discretion." Appellants, therefore, claim that under this provision of the charter the judgment of the commission respecting the application of Mrs. Buckley was final unless in reaching said judgment the commission committed an abuse of discretion. We think it will be conceded, if not, the doctrine is supported by ample authority, that if the commission deny an application for a pension when the uncontradicted evidence before it showed that the applicant was entitled to receive a pension, then the commission abused its discretion in denying the application. For instance, it would be an abuse of discretion for

the commission to deny a pension to a widow of a police officer who met his death, according to the undisputed evidence, while attempting to lawfully arrest a person accused of crime. To the same extent would it be an abuse of discretion for the commission to deny a pension to a widow of a police officer who while walking his beat accidentally fell into a hidden and unguarded opening in the sidewalk and was thereby killed. It was stipulated in this case that Buckley, the police officer, died from the effect of a heart spasm resulting from his exertion in climbing the spiral stairway. There can be no controversy regarding the meaning of this part of the stipulation. The exertion of climbing the twenty-four steps of the spiral stairway produced a heart spasm from which he died. The producing cause of his death was the climbing of the stairway. These words are so plain and their meaning is so clear that it seems a waste of time to attempt to further explain them. For the commission, therefore, to deny a pension to the widow in the face of the positive and uncontradicted evidence was a clear abuse of discretion upon its part.

This language of the charter is quite similar in principle to the wording of the Workmen's Compensation, Insurance and Safety Act, wherein it is provided (sec. 67c) [Stats. 1917, pp. 831, 876] that, ''The findings and conclusions of the commission on questions of fact shall be conclusive and final and shall not be subject to review.'' Yet it has been held in an unbroken line of decisions commencing shortly after the enactment of the first Workmen's Compensation Act and continuing down to the present, that where the findings of the commission have been made without any evidence to support them, the award will be annulled. (*Great Western Power Co.* v. *Pillsbury,* 170 Cal. 180 [149 Pac. 35]; *Knock* v. *Industrial Acc. Com.,* 200 Cal. 456 [253 Pac. 712]; *Fogarty* v. *Department of Industrial Relations,* 206 Cal. 102 [273 Pac. 791].) In many of these cases, including the two cases last cited, an order of the commission denying an award was annulled on the ground that the uncontradicted evidence showed that the injury for which compensation was asked arose out of and in the course of the employment of the deceased. These decisions were based upon the theory that in disregarding such evidence and denying an award contrary thereto, the commission was acting without juris-

diction, and its acts were subject to review, in spite of the provision of the act directing that the findings of the commission on questions of fact shall be conclusive and final and not subject to review. This provision of the Workmen's Compensation Act has been construed to mean that the commission has been given the absolute power to pass upon the evidence in cases pending before it, and to determine the weight and value of such evidence, and that its findings and conclusions based thereon are conclusive and final, yet this power given to the commission does not authorize it to disregard the evidence entirely and to make findings or grant or deny an award when there is no evidence before it supporting such action. We think the principles of law established in compensation cases are applicable to cases arising under the provisions of the charter of the city and county of San Francisco governing the power of the police commission in the matter of granting or denying pensions to widows of deceased police officers. The commission is given plenary power when it comes to passing upon the weight of the evidence in behalf of or against an applicant for a pension, and its conclusions drawn therefrom are final and conclusive, but it is not given the arbitrary power either to grant or deny such an application when there is no evidence to support its action. Such action on the part of the commission amounts to a clear abuse of discretion, and is subject to review and annulment by a court of competent jurisdiction.

The fact that Buckley had at the time a previous heart affection did not of itself defeat his wife's application for a pension if the exertion in climbing the stairs precipitated his death by aggravating this condition. Under these conditions the injury was such as would bring it within the terms of the charter and entitle his widow to a pension in case of his death from said injury. This principle has frequently been applied in cases arising under the Workmen's Compensation Act, and we can see no distinguishable difference from such cases and those arising under said charter.

The leading case to be found upon this subject is from the Supreme Judicial Court of Massachusetts, where it was held that, ''Acceleration of previously existing heart disease to a mortal end sooner than otherwise it would have come

is an injury within the meaning of the Workmen's Compensation Act." *(In re Brightman,* 220 Mass. 17 [L. R. A. 1916A, 321, 107 N. E. 527].)

That case was followed by this court in the decision of the case of *G. L. Eastman Co.* v. *Industrial Acc. Com.,* 186 Cal. 587, where this court on page 594 [200 Pac. 17, 20], said: "If the disability, although arising from a chronic heart trouble, was brought on by any strain or excitement incident to the employment, the industrial liability still exists. Acceleration or aggravation of a pre-existing disease is an injury in the occupation causing such acceleration." In the Eastman case we also (page 597) quote with approval the following language from the case of *Re Madden,* 222 Mass. 487 [L. R. A. 1916D, 1000, 111 N. E. 379]: "It is the hazard of the employment acting upon the particular employee in his condition of health, and not what the hazard would be if acting on a healthy employee. . . . Whatever predisposing physical condition may exist, if the employment is the immediate occasión of the injury, it arises out of the employment because it develops within it."

In *Knock* v. *Industrial Acc. Com.,* 200 Cal. 456 [253 Pac. 712], this court not only followed the Eastman case and held that although Knock was affected with a previous heart disease, the conditions of his employment were such as to have precipitated his collapse sooner than would otherwise have happened, but it set aside the order of the commission denying an award to the dependents of Knock as being contrary to the undisputed evidence in the case.

In *Fogarty* v. *Department of Industrial Relations,* 206 Cal. 102 [273 Pac. 791], this court refers with approval to the Eastman and Knock cases and quotes from the Eastman case the exact language which we have quoted above as contained in the opinion in that case. The court also in the Fogarty case annulled the order of the commission denying an award in favor of the dependents of Fogarty on the ground that the uncontradicted evidence before the commission showed that the employment of Fogarty precipitated or accelerated his death. These authorities establish beyond question that acceleration or aggravation of a pre-existing disease is an injury in the occupation causing such acceleration.

That the death of Buckley, the husband of petitioner, was due to an injury sustained by him while in the performance of his duties, we think is conclusively shown by the stipulation of facts in this case. The climbing of a spiral stairway of twenty-four steps, even if it were a part of the routine service of Buckley, according to the stipulation produced the heart spasm which caused his death. The exertion of ascending the stairway, therefore, caused the injury which produced his death. As he was required in the course of his employment to ascend this stairway, the injury caused thereby was an injury received while in the performance of his duty. His widow was, therefore, entitled to a pension. Under this state of facts the action of the police commission in denying the petitioner a pension was a clear abuse of discretion on its part.

The judgment of the trial court directing the issuance of a writ of mandate as prayed for by the plaintiff is affirmed.

Langdon, J., Richards, J., Shenk, J., and Seawell, J., concurred.