[Civ. No. 8510. First Appellate District, Division Two.—August 1, 1932.]

CAMILLA NIELSEN et al., Petitioners, v. INDUSTRIAL ACCIDENT COMMISSION OF THE STATE OF CALIFORNIA, CARL BERSCH et al., Respondents.

John C. Scott and H. C. Kelsey for Petitioners.

A. I. Townsend, B. E. Pemberton and Ivan A. Schwab for Respondents.

NOURSE, P. J.—Petitioners seek a review of the order of respondent Commission denying them compensation for the death of Anton Nielsen.

Deceased was employed as a cabinet-maker by respondent Bersch, who was insured by the respondent State Compensation Insurance Fund. The deceased was forty-seven years old at the time of his death and had been working steadily at his trade with respondent for a period of fifteen years. During all this time he had never displayed any symptom of illness or disability or any abnormal condition of health. On November 25, 1930, deceased, with five others, carried an altar top from Bersch's place of business to a truck and took it to a church, where it was to be installed. Seven other men helped deceased carry the altar top into the church, but, when they arrived there, it was found necessary to remove the old altar top. Deceased took a hammer and a chisel and worked upon the old top for about five minutes when he was stricken with a heart attack and soon thereafter died. The work of that morning was done in a great hurry, the new altar top was carried up the aisle of the church in an awkward and hurried manner, which no doubt caused an intense strain upon the deceased. The applicants are all dependents of the deceased entitled to an award if the death was the result of industrial injury.

The evidence upon which the Commission denied the application does not present a substantial conflict. Dr. Koford, the family physician, was present at the autopsy held immediately after the death. He testified that the deceased had "coronary and aortic sclerosis and the aorta was acutely dilated, being covered with numerous small red hemorrhages and broken capillaries". Also that "the dilatation had ruptured many of these fine blood vessels and that the rupturing *had been very recent. I am convinced in my own mind that the heavy lifting caused an increased pressure* in the blood stream, which the degenerated aortic wall could not withstand; this produced an acute dilatation and death". The autopsy surgeon at the inquest reported "arteriosclerosis, hemorrhages and dilatation of the aorta". Dr. Koford also testified that he had known the deceased for several years immediately prior to the death and that the deceased had never displayed or complained of poor health or illness and that he had not known anything abnormal in

his physical condition. The wife of deceased, who had lived with him for more than twenty years immediately preceding his death, testified substantially to the same effect. Dr. DuBray, without any examination of the deceased and without a full knowledge of the facts found at the autopsy, gave his opinion that death was caused by coronary occlusion and was not caused by the exertion of the employment. Dr. Gibbons, likewise without any examination of the deceased and without full knowledge of the true facts disclosed at the inquest and the circumstances leading to the death, also expressed an opinion that death was not caused by the employment. Dr. Harbaugh, another physician called by the Commission, reviewed the entire record and expressed the opinion that the pre-existing disease was the major factor in the case, but that the extra exertion and the testimony of the physicians who actually saw and performed the autopsy could not be disregarded.

There are two principles which control the decision on this hearing. First, the rule of *Winthrop* v. *Industrial Acc. Com.*, 213 Cal. 351 [2 Pac. (2d) 142], where it was held that there was no true conflict in the evidence where that on one side consisted of opinions based upon a state of facts not shown by the record to exist while that on the other side was based upon facts actually shown to exist or rested upon the testimony of physicians who had actually treated and examined the patient. That situation exists here. The evidence on behalf of the applicants is that those physicians who treated and examined the patient drew the conclusion from such treatment and examination that the exertion immediately prior to the death of the deceased aggravated the pre-existing heart condition and caused the death. The evidence on the other side rested solely in the opinions of physicians who had not treated, examined, or seen the patient but who had based their opinions upon a statement of the case which in numerous particulars was not a full and complete statement.

The other rule applicable here is found in the recent opinion of the Supreme Court in *Buckley* v. *Roche*, 214 Cal. 241 [4 Pac. (2d) 929], where it was held that the fact that Buckley had a previous heart affection would not of itself defeat his wife's application for a pension if the exertion of climbing the stairs aggravated his condition. Similarly

in *Fogarty* v. *Department of Industrial Relations*, 206 Cal. 102 [273 Pac. 791], the court, citing *Eastman Co.* v. *Industrial Acc. Com.*, 186 Cal. 587 [200 Pac. 17], and *Knock* v. *Industrial Acc. Com.*, 200 Cal. 456 [253 Pac. 712], affirmed the rule that acceleration or aggravation of a pre-existing disease is an injury in the occupation causing such acceleration and annulled an award denying compensation to the dependents of Fogarty for a death arising under such circumstances.

 The Buckley case is followed in *Casserly* v. *City of Oakland*, 215 Cal. 600 [12 Pac. (2d) 425], where the Fogarty case and others are cited with approval, and the rule of these cases compels an annulment of the award in this instance because the material evidence unmistakably discloses that, however serious the pre-existing heart condition of deceased might have been the unusual exertion and hurry and excitement of the work immediately preceding his death either aggravated and accelerated such pre-existing condition or directly caused the death.

For these reasons the award is annulled and the application remanded for further proceedings and findings in accord herewith.

Sturtevant, J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on August 31, 1932, and an application by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 22, 1932.