[Civ. No. 16243.  First Dist., Div. One.  Mar. 28, 1955.]

ANITA M. COOPER, Appellant, v. RETIREMENT BOARD OF SAN FRANCISCO et al., Respondents.

Walter H. Duane for Appellant.

Dion R. Holm, City Attorney, and George E. Baglin, Deputy City Attorney, for Respondents.

PETERS, P. J.—Anita Cooper brought this action for a writ of mandate to compel the Retirement Board of San Francisco to pay her a pension identical in amount with that formerly paid to her husband, now deceased, who was a retired police officer. The Retirement Board fixed the pension at one-half the amount that had been paid the husband. The superior court refused to interfere with that determination. From the judgment of denial Anita Cooper appeals.

The city charter of San Francisco provides that if a police officer retired for disability dies as a result of a service-connected injury or illness, the surviving widow shall receive a pension in the same amount that had been paid her husband (§ 168.3), but if, after retirement for disability a former policeman shall die from a nonservice connected injury or illness, the widow shall receive a pension of one-half that paid her husband (§ 168.1.5).

The superior court made two basic findings. 1. "The finding of the Retirement Board that James J. Cooper did not die as a result of an injury received in, or illness caused by the performance of his duty, is sustained by the evidence." And 2. "The findings of the Retirement Board that petitioner did not sustain her burden of proving that James J. Cooper died as a result of injury received in or illness caused by the performance of his duty, is sustained by the evidence."

It is appellant's contention that such findings are totally unsupported and that the evidence compels, as a matter of law, a finding that death was caused by a service-connected illness. ■ Of course, on such an appeal, it is appellant's burden to show that the evidence and the reasonable inferences therefrom, do not support the findings of the board. (*Marshall* v. *City of Oakland,* 92 Cal.App.2d 593 [207 P.2d 882]; *Loveland* v. *City of Oakland,* 80 Cal.App.2d 31 [180 P.2d 937].) ■ The respondent enjoys in its favor all inferences arising from conflicts in the evidence, even though

an equally reasonable adverse inference is possible. (*Morgan* v. *City of Los Angeles*, 91 Cal.App.2d 134 [203 P.2d 375].) In other words, the appellant must not only show that a finding in her favor would have been supported, but must demonstrate that such finding is compelled, as a matter of law.

Tested by these standards, appellant has failed to sustain her burden. James Cooper, a policeman, married appellant in 1933. In April of 1944, at the age of 45, he was retired. He was then found to be suffering from "chronic endocarditis with aortic insufficiency" and, in general, he then had "chronic myocarditis, with a conduction system lesion producing a complete heart block." The retirement board found that this disability was service-connected and granted him a monthly pension of $170. After retirement, Cooper moved to Marin County, and accepted employment in San Francisco as a messenger and investigator for an express company. His attending physician testified that Cooper's heart was in such condition that he was in danger of a sudden attack at any time, and that overexertion, or too much excitement, might bring on such an attack. The doctor opined, however, that the express company work could be carried on without danger, and had so informed Cooper.

On July 14, 1952, Cooper was assaulted by a cabdriver. Cooper had been driving in San Francisco and saw the cabdriver drive through several "stop" signs without stopping. Cooper tried to arrest the offending cabdriver, displaying his police "star," of the type given to all retired policemen. The cabdriver seriously objected to being placed under arrest, attacked Cooper, and hit him in the face several times. Cooper fell to the ground and hurt his hand, and was hospitalized. On July 16, 1952, while still in the hospital, he died from a "pulmonary edema." This can be caused by any overexertion or overexcitement or emotional upset.

Dr. Reitzel, an internist, was called by respondent. He had never attended Cooper, nor had he been present at the autopsy. He had, however, examined all of the records in the case. He told the board by letter, and testified at the hearing, that it was his opinion that "this man's death was in no way connected, either by causal connection or by aggravation, to his work in the Police Department." On cross-examination he was asked: "Will you say that the matter of his having been struck did not aggravate his condition and bring about his death?" He responded: "Oh, I think the injury he had may have been a factor at that time."

It is obvious that, at most, the evidence shows that the cause of death, in a legal sense, according to both doctors, was the overexertion or excitement caused by the altercation with the cabdriver. Although appellant apparently contends that this fight occurred in the performance of her husband's duties as a police officer, it is apparent that this contention is unsound. After his retirement Cooper had no official duties to perform, reverting then to his civilian status with no greater police responsibilities, liabilities or duties than his fellow citizens. Therefore, the assault was not suffered in the performance of any police duties.

Aside from the assault, about all appellant proved was that in 1944 her husband suffered from a heart condition caused by his employment, that such condition existed continuously until the time of his death, and that such death resulted from a sudden heart attack. But there is no evidence that such heart condition was, in the legal sense, the cause of death. The evidence is to the contrary. Dr. Reitzel positively testified that, in his opinion, there was no causal connection between the death and the prior police duties. Even if a contrary inference arose from the attending physician's testimony, which is doubtful, the resolving of that conflict was for the retirement board. It was a pure fact question. (See cases collected in Anno. 27 A.L.R.2d 1004.) The language used by Mr. Justice Dooling in *Loveland* v. *City of Oakland,* 80 Cal.App.2d 31 [180 P.2d 937], is applicable here. At page 34 it is stated:

"The next step in her argument proceeds: Loveland was suffering from an impairment of the heart incurred in the performance of duty; he died of heart failure; therefore his death was caused by reason of the bodily injury for which he was pensioned.

"There is a disarming appearance of logical consistency in the sequence: a. heart injury; b. death from heart failure; *ergo,* c. the death from heart failure was caused by the heart injury. This conclusion, however, was left entirely to inference, since appellant offered no direct proof of the cause of death. The burden was upon appellant to establish the cause of death (*Ellenberger* v. *City of Oakland,* 59 Cal.App.2d 337 [139 P.2d 67]) and in the face of the adverse finding below she bears the heavy burden before this court of showing, not that the evidence will support a finding that her husband's service-connected injury caused his death, but rather that it will not support the contrary finding actually made; or to put

it affirmatively, appellant must convince us that the evidence compels a finding that her husband's death was caused by the injury for which he was pensioned."

Cases such as *Peters* v. *Sacramento City E. R. System*, 27 Cal.App.2d 10 [80 P.2d 179], and *Buckley* v. *Roche*, 214 Cal. 241 [4 P.2d 929], cited by appellant, are obviously inapplicable. There a fire captain in one case, and a police officer in the other, died while in the performance of their official duties, having engaged in unusual exertion immediately prior to death. This is not this case.

Nor must Dr. Reitzel's direct testimony be disregarded as unsubstantial simply because he based his conclusions on the medical record rather than on a physical examination of Cooper. Such testimony is sufficient to support the finding. (*Loveland* v. *City of Oakland*, 80 Cal.App.2d 31, at p. 35 [180 P.2d 937], and cases there cited.) Nor do we believe that a fair reading of Dr. Reitzel's testimony on cross-examination, quoted above, is in conflict with his testimony on direct. But even if it were, such conflict was for the trier of the fact.

The judgment appealed from is affirmed.

Bray, J., and Wood (Fred B.), J., concurred.