[Civ. No. 7672.   Fourth Dist., Div. One.   Feb. 3, 1966.]

SIMON F. BOLGER, Plaintiff and Appellant, v. THE CITY
OF SAN DIEGO, Defendant and Respondent.

Harelson, Enright, Von Kalinowski & Levitt and Jack R.
Levitt for Plaintiff and Appellant.

Edward T. Butler, City Attorney, Robert L. Bergen, Chief
Deputy City Attorney, and George D. Lindberg, Deputy City
Attorney, for Defendant and Respondent.

FINLEY, J. pro tem.*—The appeal is from a judgment for defendant sustaining defendant's withdrawal of a summary "injury leave" award to plaintiff, a police officer, following a heart attack suffered by him while engaged in an investigation in his line of duty.

Appellant, an officer with the San Diego police department, was engaged in the investigation of an alleged offense by a brother officer. While allegedly running up a flight of stairs at the district attorney's office between periods of interrogation he suffered a heart attack. This was reported to his superior and thereafter appellant executed a "Request for Leave of Absence" requesting *injury leave* with full pay. The request was approved by the chief of police, appellant's department head, and it was recommended that the request be granted. Appellant thereupon received *injury leave* pay for two months. His application for compensation under the California Workmen's Compensation law was approved, all findings of the Industrial Accident Commission became final, and as required by city ordinance in such cases appellant thereafter delivered to the Treasury of the City of San Diego all sums received by him as temporary disability allowance under the commission ruling. Appellant received *injury leave* pay until the Safety Officer for the City of San Diego altered appellant's award (referred to in appellant's brief as changing plaintiff's request) from that of *injury leave* with pay to *illness leave* with pay. The award of *injury leave* with pay was then retroactively revoked and all payments made thereunder were charged to appellant's accumulated *sick leave.* Somewhat later appellant presented to respondent city a written and verified claim for his resulting detriment which claim was rejected. Appellant then brought the present action for $7,073 money damages based upon the loss claimed as a result of the alteration of his award and rejection of his claim.

Appellant was totally and permanently disabled by the heart attack. He was apparently a year away from retirement status based upon age and period of service. Under the *injury leave* award he was entitled to leave with full pay up to the time of his retirement. As a result of the safety officer's determination that his heart attack was an illness rather than an injury he was allowed *sick leave* with full pay for only the number of days of such leave that had accumu-

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

lated. His claim for money damages is based upon the difference between what he did receive and what he would have received had the status of his disability been carried on as originally classified, that is, as an injury rather than as an illness. Judgment was awarded to defendant City of San Diego.

Appellant urges for reversal:

1. Under the applicable ordinances and rules he was entitled to *injury leave* with pay.

2. A delegation by respondent of authority such as that assumed by the city safety officer was unlawful.

3. Respondent city having been a party to the Industrial Accident proceedings and having demanded and accepted the Workmen's Compensation award payments, tendered by appellant, is thereby estopped from adversely changing the original award.

The trial court found that appellant suffered his heart attack while in the proper performance of his duties as a police officer but found that the duties being performed at the time did not involve extraordinary risk and danger or unusual exposure to the elements, a condition which it found to be a prerequisite to injury leave. It further found that "plaintiff's heart attack was not an injury within the meaning of the Civil Service Commission rules."

Appellant attacks these findings by pointing out that at the time of trial counsel for respondent city conceded that appellant's heart attack was an injury and that respondent city is estopped to deny that it was an injury because appellant had been retired under the industrial disability provisions of its code. It is also pointed out that respondent city had theretofore accepted heart attacks as compensable injuries for *injury leave* and had recognized the definition of injury (which includes heart attacks) appearing in decisions of the Industrial Accident Commission in injury leave cases.

We note in its brief counsel for *respondent* states: "During the course of the trial in the superior court, the question of whether or not a heart attack is an injury or illness . . . was repeatedly discussed, and the court expressed disagreement with counsel for both plaintiff and *defendant*.

"It was then and continues to be *defendant's* position that a heart attack may or may not be an injury depending upon the circumstances and further, whether or not a heart attack is accepted as an injury does not resolve the question of recoverable illnesses or injuries within the purview and

meaning of that word as used in the Municipal Code section involved in the instant case, Section 23.1104, San Diego Municipal Code." (Italics added.)

Our attention is called to sections 3212 and 3212.5 of the California Labor Code which, by statutory declaration, establishes a heart attack as an injury if suffered by a policeman or fireman and that appellant's heart attack was accepted as compensable under the workmen's compensation laws by the Industrial Accident Commission. Concerning the latter appellant notes the following language in *Buckley* v. *Roche,* 214 Cal. 241, 245 [4 P.2d 929]; which was a case involving a heart spasm: "We think the principles of law established in compensation cases are applicable to cases arising under the provisions of the charter of the city and county of San Francisco governing the power . . . [to grant persons]. . . ."

Respondent replies that compensation and pension cases are not pertinent; that although appellant was awarded workmen's compensation benefits and was retired under the city's pension ordinances and although a heart attack may be an injury within the meaning of these laws, it does not follow that it is an injury within the meaning of the particular ordinances here involved.

The cases dealing with workmen's compensation and pensions are distinguishable, argues respondent, in that they are based upon broad social legislation, liberally construed to promote its purposes, and therefore benefits accrue as a matter of right; that injury leave provisions of the city ordinance are designed to promote efficiency of city employees, and the granting of such leave is a matter of discretion.

We are not convinced of the soundness or logic of respondent's contention. No cogent arguments or reasons have been advanced to support the claim of connection between injury leave and efficiency in public service which would be applicable to the facts in this case. Where an employee has been totally and permanently disabled, as the appellant was here, it is impossible to see how the granting of either illness or injury leave would promote the efficiency of the disabled employee or any of his former coworkers. Rather such leave would appear to be more in the nature of fringe benefit compensation similar to pension benefits.

Noting the position taken by counsel for respondent both in the trial court and in the brief herein, a position of agreement with appellant that a heart attack is an injury, and noting the Labor Code definition and the position taken by

respondent in accepting the definition of injury set forth in the Industrial Accident award herein and other decisions involving respondent, and further noting the fact that appellant here is conceded by respondent to have been retired under the industrial disability provisions of the code, we are convinced that the finding by the trial court that appellant's heart attack was not an injury is unsupported either by evidence or legal definition.

But, says respondent, ". . . the question of whether or not a heart attack is an 'injury' or an 'illness' is not determinative of the rights of plaintiff to the recovery sought herein. . . ." However, little in the way of argument or reason is presented to support this position.

The trial court found as a conclusion of law that "plaintiff did not incur his disability as the result of an injury received in the performance of his duties involving extraordinary risk and danger or unusual exposure to the elements and, therefore, that the provisions of Section 13.03 of the San Diego Municipal Code and Ordinance No. 3114 (new series) are not applicable." This finding was not discussed by counsel either in their briefs or in oral argument. We therefore merely note it in passing with the conclusion that neither party considered it to be determinative or important to the issues involved.

Appellant's next point is that delegation of authority to the city manager to make a determination such as that involved here is unlawful, but if for the sake of argument lawfulness be conceded there was an abuse of discretion by the safety officer in making the determination and in denying plaintiff injury leave. It is contended that the only conditions necessary to qualify appellant for injury leave was that he receive an injury, be without fault or negligence, and be absent from work. These it is claimed are the sole factors to be considered here for the guidance of the administrative officials; that the permitting of an administrative official to adopt others would constitute an unlawful delegation of legislative power which is inconsistent with law and void. It is further contended that the action herein taken by the safety officer is inconsistent with the provisions of the Labor Code which give rise to the rebuttable presumption that a heart attack suffered by a policeman is a service-connected injury, that the determination that plaintiff was ineligible for injury pay was a conclusion adopted without competent supporting evidence, was based upon the assumption that plaintiff had a preexisting heart condition, and was

unreasonable and arbitrary,—a mere layman's opinion in a field wherein he was totally unqualified to make such a finding.

The city replies that the injury leave ordinance provides that injury leave may be granted with the approval of the city manager, that the city manager had some discretion in the matter and the standards established by the ordinance may be very general. All that is needed, it is said, is a yardstick, not a micrometer and that the standards of the ordinance were augmented by long-established policies contained in a personnel manual written by the safety officer.

The safety officer brought about the revocation of appellant's *injury leave* award by purporting to change appellant's *request* for such leave. There is no evidence to indicate that this change in the request was authorized by appellant or that he knew of the change until after it was made. From all that appears the safety officer rested his act of changing appellant's award in this manner solely upon his conclusion that appellant's heart attack was an aggravation of a preexisting condition, and thus not an injury.

While this matter of altering appellant's application has been but little more than mentioned by the parties in their briefs we gravely doubt the legality or binding effect of such a change in appellant's application by the safety officer without appellant's authorization. Furthermore, we are convinced that the safety officer in changing the award exceeded his authority in applying a definition of injury which is in conflict not only with sections 3212 and 3212.5 of the California Labor Code, but also with the definition adopted by the Industrial Accident Commission in deciding this point in a proceeding to which respondent city was a party and which is also in conflict with respondent's implied definition of injury in accepting appellant as an industrial disability retiree.

Without question it is within the province of a legislative body to delegate certain administrative functions and to adopt rules delineating the exercise thereof. These rules must be clear and specific in their application and operation, and their application may not be left to the caprice of enforcement officers. An attempted delegation of power to an officer of a municipality where no standards are established by which the officer shall be governed in his actions, is in effect an attempted delegation of authority to legislate and therefore void. (*Agnew* v. *City of Culver City,* 147 Cal.App. 2d 144 [304 P.2d 788].) Such a body may commit to an

administrative officer the power to determine in the first instance whether the facts of a particular case bring it within the rule previously established by the legislative body for his guidance, *Agnew* v. *City of Culver City, supra,* 147 Cal.App. 2d 144, but this delegation of authority does not encompass the power to ignore statutory definitions which apply in the field of this determination. It does not authorize the alteration of an application without the permission of the applicant, nor does it authorize such caprice as the making of findings in a specialty field, such as medicine, without affording the affected person some reasonable opportunity to be heard. Additionally it does not authorize the disregard of prior determinations in other phases of the same matter wherein the dissenting party was a party participant.

In the instant case the rules contained in the personnel manual to which the safety officer looked for guidance in making his determination, were rules which this same safety officer testified that he himself authored. This personnel manual was never formally adopted by the city council or civil service commission, and was therefore legally incompetent to fulfill the legal requirement of rules adequate for the guidance of an administrative officer in the exercise of delegated authority.

Having determined the above issues in appellant's favor, his third point, estoppel, need not be discussed.

In view of the several infirmities appearing in the course of the procedures involved the judgment is reversed.

Brown (Gerald), P. J., and Coughlin, J., concurred.