[Civ. No. 8714.  First Appellate District, Division Two.—February 27, 1933.]

HAZEL McCOLGAN, Respondent, v. BOARD OF POLICE COMMISSIONERS et al., Appellants.

John J. O'Toole, City Attorney, and Walter A. Dold, Chief Deputy City Attorney, for Appellants.

James M. Hanley and Elmer Collett for Respondent.

STURTEVANT, J.—The plaintiff applied to the trial court for a writ of *mandamus* to compel the defendant board to grant her a pension, to be paid out of the police relief and pension fund, as the surviving widow of James McColgan, deceased. The trial court granted the writ and from that judgment the defendant board has appealed and has brought up the judgment-roll only.

In her petition for a writ of *mandamus* the plaintiff alleged the official capacity of the defendants; that she is the widow of James McColgan, deceased; that the defendant board has the power to provide pensions to a surviving widow of a deceased police officer who was killed in the performance of his duty; that James McColgan became a police officer on July 5, 1927, and so continued until his death on September 2, 1928; that his salary was $2,400 per year; that on September 2, 1928, while on duty and in the performance of his duties James McColgan was killed; that the plaintiff filed a petition with the defendant board asking for a pension; and that there are sufficient funds on hand to pay such pension. Continuing she alleged, "That at the hearing of your petitioner's said petition for a pension she submitted evidence that showed that she was entitled to a pension, and that all of the testimony taken at said hearing is attached to this petition and is made a part hereof and marked 'Exhibit A'; that said testimony submitted to the Board of Police Commissioners of the City and County of San Francisco, acting as trustees of the Police Relief and Pension Fund, entitled the petitioner herein to a pension." She then alleged that it was incumbent on the defendant board to grant the pension, but "that the said board has refused and still refuses to pay said pension; that your petitioner has no other plain, speedy or adequate remedy at law other than a writ of *mandamus*". No demurrer was interposed. The defendants filed an answer denying the material allegations of the petition, and alleged affirmatively that at the time of the injury and death of said James

McColgan, he was not on duty as a police officer of the city and county of San Francisco. The "Exhibit A" above mentioned comprises what purports to be the testimony by question and answer of nineteen different witnesses—two hundred and twenty-five folios or thereabouts. ▮ The defendants contend that where evidence is conflicting but sufficient to sustain a determination of the board of police commissioners, the trial court has no right to reverse a decision of the board. It cites *Mogan* v. *Board of Police Commrs.*, 100 Cal. App. 270 [279 Pac. 1080]. While, as we will presently show, that case is quite helpful, it is not in point on the record before us. The record before us does not show that the defendant board has ever determined the plaintiff's application. In her brief the plaintiff asserts that the question before the court is, did the superior court have jurisdiction to entertain her petition and to reverse the decision of the board of police commissioners? She cites and relies on *Buckley* v. *Roche*, 214 Cal. 241 [4 Pac. (2d) 929], and *Casserly* v. *City of Oakland*, 215 Cal. 600 [12 Pac. (2d) 425]. Neither case is in point because, as just stated, the record does not show that the defendant board rendered a decision.

▮ Assuming that the defendant board did render a decision and that its decision was against the plaintiff, the plaintiff's petition was wholly insufficient. In the case of *Sevina* v. *Hickok*, 113 Cal. App. 301, 305 [298 Pac. 116, 118], this court said: "To have any standing in this proceeding it was incumbent upon petitioners to plead and prove that the pension board acted arbitrarily, capriciously, or fraudulently; or, that in some other respect, the proceedings before the pension board were conducted without due regard for the rights of the petitioner." That is, as stated in the statute, it was incumbent on the plaintiff to allege that there was "a clear abuse of discretion". (Stats. 1917, p. 1728.) But on that subject the petition is wholly silent.

▮ Still assuming that the defendant board did render a decision, that decision is under the facts *res judicata*. The general rule on the subject is quoted with approval in *Mogan* v. *Board of Police Commrs.*, 100 Cal. App. 270, at page 273 [279 Pac. 1080, 1081], as follows: "As a general rule, whenever any person or persons have authority to hear and determine any question, their determination is, in

effect, a judgment having all the incidents and properties attached to a similar judgment pronounced in any regularly created court of limited jurisdiction acting within the bounds of its authority. Hence, whenever any board, tribunal or person is by law vested with authority to decide a question, such decision, when made, is *res judicata,* and as conclusive of issues involved in the decision as though the adjudication had been made by a court of general jurisdiction.''

In this connection it is proper to state that we have read the testimony given before the defendant board and that the testimony is distinctly conflicting. Nevertheless there was an abundance of testimony which, if the defendant board believed it, fully justified a ruling denying the petition. That testimony was to the effect that at the time of the automobile accident the deceased had gone off duty and was on his way home, and from the time he left the police station until his death he did nothing whatever in the line of his duty as a policeman and therefore his injury and death resulted from a cause not within the contemplation of the statute providing for pensions.

If, on the other hand, the defendant board had never rendered a decision on the application made to it by the plaintiff, then the plaintiff was before the wrong tribunal. The power to hear and determine such application is by section 4, chapter X, of article VIII, of the Charter clearly vested in the defendant board (*Mogan* v. *Board of Police Commrs., supra*), and not the courts.

If the defendant board determined the plaintiff's application against her, or if it was not asked to determine it at all, under the facts contained in the record a writ should not have been granted.

The judgment is reversed.

Spence, Acting P. J., and Goodell, J., *pro tem.,* concurred.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 27, 1933.