[Civ. No. 9967. First Appellate District, Division Two.—May 7, 1936.]

JENNIE HOGAN, Appellant, v. RETIREMENT BOARD, SAN FRANCISCO CITY EMPLOYEES' RETIREMENT SYSTEM, et al., Respondents.

Keith & Creede, Frank J. Creede and Percy J. Creede for Appellant.

John J. O'Toole, City Attorney, and Thomas P. Slevin, Deputy City Attorney, for Respondents.

NOURSE, P. J.—Petitioner seeks *mandamus* to require respondent board to award her a pension as the widow of a police officer. A demurrer to the petition was sustained and petitioner has appealed from the judgment on the demurrer.

The petition alleges that Emmett Hogan died "as the result of an injury incurred while in the performance of his duties", but that the respondent board, after hearing her application, refused to award petitioner a pension. No other facts are alleged, but a portion of the transcript of the pro-

ceedings held before the board is attached to the petition. The findings of the board upon the disputed facts thus appearing are not made a part of the record. We are asked to presume that the board for some reason acted wrongly or unfairly in denying the application, and the trial court was asked to assume the burden which the statutes place upon the board and to hear and determine the application as in the nature of a trial *de novo*.

The petition herein is demurrable for many reasons, and, though the city attorney has not referred to any of them, we will mention but one which is controlling. When the law gives to a fact-finding body the power to hear and determine a question of fact, the judgment of that body will not be controlled by *mandamus* in the absence of a showing that it acted arbitrarily, capriciously or fraudulently, or without due regard for the rights of the applicant. (*Mogan* v. *Board of Police Commrs.*, 100 Cal. App. 270 [279 Pac. 1080] ; *Sevina* v. *Hickock*, 113 Cal. App. 301 [298 Pac. 116] ; *McColgan* v. *Board of Police Commrs.*, 130 Cal. App. 66 [19 Pac. (2d) 815].) The basis of the writ of *mandamus* is to "compel the performance of an act which the law specially enjoins" (sec. 1085, Code Civ. Proc.). No law enjoins upon these respondents the duty to grant every application for a pension. It is the duty of the board to deny as well. The petition here pleads none of the essentials herein referred to, but merely seeks to substitute the court for the board as the fact-finding body. For this reason alone the demurrer had to be sustained.

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 6, 1936.