[Civ. No. 14320. Second Dist., Div. Two. Mar. 30, 1944.]

LEO G. WALLACE, Appellant, v. BOARD OF EDUCATION OF THE CITY OF LOS ANGELES et al., Respondents.

E. C. Purpus for Appellant.

J. H. O'Connor, County Counsel, and W. B. McKesson, Deputy County Counsel, for Respondents.

McCOMB, J.—From a judgment denying his application for a writ of mandate to compel respondents to (1) reinstate him to a position he had formerly held with the board of education, and (2) draw a warrant for salary alleged to be due him, plaintiff appeals.

At the time of the rendition of the judgment from which the appeal is taken, the Honorable Emmet H. Wilson, who presided at the trial, filed with the clerk of the superior court a memorandum opinion in which he clearly set forth the pertinent facts, the issues, the principles of law involved, and the reasons for the judgment. We are in accord with the views therein expressed, and we adopt the opinion of Judge Wilson as and for the opinion of this court. It is as follows:

"Mandamus to compel the defendants to reinstate plaintiff as building engineer in the Los Angeles City School Department.

"Defendants having determined that plaintiff had reached the retirement age of sixty-seven years, that being the age at which compulsory termination of service is prescribed by the retirement system of the Los Angeles City School Department, retired him from service as of June 30, 1941. (See § 5.773a, Sch. Code; Stats. 1939, ch. 620, p. 2038.) Plaintiff now claims that he was born on September 11, 1877, and therefore had not reached the retirement age when his service was terminated.

"Under date of June 13, 1935, plaintiff filed with the Personnel Section of the Division of Service of defendant Board of Education an employee's confidential personal report, verified by him, in which the date of his birth was written as September 11, 1871. The figures "1871" have been deleted and "1873" substituted. (Plaintiff's initials appear opposite the changed numerals. He testified that he made the change at the time the statement was filed. In the margin the following appears written with red pencil: "9-11-1873; Statement of Divorce of father dated Nov. 27, 1882 seen by RRJ 9-28-39." This notation, while not positive evidence, is at least an indication that the change was made at the date written in red and not at the time the document was filed, as testified by plaintiff. In his application for enrollment as a member of the retirement system of the School Department, verified January 25, 1938, plaintiff gave his birth date as September 11, 1874. A line is drawn through the figures "1874" and "1873" substituted, plaintiff initialing the change. Opposite these figures appears the following in red: "9-1871 CR corrected."

"Plaintiff acquiesced in the termination of his service by presenting a verified application for refund of his accumulated contributions to the retirement system dated July 8, 1941, stating 'I am no longer employed in the Los Angeles City School Districts. You are hereby authorized to mail my warrant to the address given below.' He testified that early in life he gave the date of his birth as September 11, 1871, in order to obtain employment with the Northern Pacific Railway which he could not have obtained if he had been under twenty-one years of age, and that he continued thereafter to give the same date whenever it became necessary for him to furnish information concerning his birth.

"Even though plaintiff was not born in 1871 but in 1873,

as stated (after the dates were changed as above described) in the two verified documents filed with defendant board, he had reached the retirement age in 1941. He was advised by the board in June, 1940, that his services would be terminated in June, 1941, by reason of his age. He assented to the order by applying for and receiving his accumulated contributions and took no steps to establish a later birth date until September 23, 1941, fifteen months after he had been given notice that he would be retired and three months after he was actually retired, when he filed in the Superior Court of Thurston County, Washington, an application for a delayed birth certificate in which he stated that he was born in 1877. Said application was not supported by positive evidence of the date of his birth but principally by affidavits of persons that in 1882 he was apparently about five years of age. The birth certificate obtained pursuant to said application is the only evidence produced by plaintiff in substantiation of his claim that he was born in the said year.

''When the retirement order was made the only evidence before the board as to plaintiff's age was that he was born in 1873. After he obtained the delayed birth certificate he made an application for reinstatement in his former employment and presented the birth certificate as evidence that he had not reached the retirement age. When said application was heard the board had before it conflicting evidence consisting on the one hand of statements verified by plaintiff asserting that he was born in 1873, together with his confirmation of said statements by the acceptance of the refund of his contributions under the retirement system and on the other hand the delayed birth certificate reciting that he was born in 1877.

''The board was authorized to draw its own conclusions from the evidence as a whole. It was entitled to consider the manner in which the delayed birth certificate was obtained and was justified in refusing to adopt the same as conclusive evidence of the date of plaintiff's birth and in accepting and acting upon his verified statements filed with the board. Whether or not his lifelong declarations that he had been born at an earlier date were made known to the board does not appear from the evidence before the court. When evidence is conflicting and would sustain a finding either way the board cannot be said to have acted arbitrarily,

capriciously, or without cause or justification, and the court will not overturn the finding of the board. (*McDonough* v. *Goodcell*, 13 Cal.2d 741 [91 P.2d 1035, 123 A.L.R. 1205].)

■ "A writ of mandate will issue to a board only 'to compel the performance of an act which the law especially enjoins' upon such board as a duty resulting from its office. (Code Civ. Proc., § 1085.) ■ The remedy is not a matter of right but is awarded in the exercise of sound judicial discretion. (*Duncan Townsite Co.* v. *Lane*, 245 U.S. 308 [38 S.Ct. 99, 62 L.Ed. 309]; *Irvine* v. *Gibson*, 19 Cal.2d 14 [118 P.2d 812].) ■ An applicant for a writ must show that his right thereto is clear and certain. (*Dobyns* v. *Cheshire*, 9 Cal.App.2d 77 [48 P.2d 743]; *Perrin* v. *Honeycutt*, 144 Cal. 87 [77 P. 776].) ■ The writ will not issue to control the exercise of the discretion of a judicial or quasi judicial tribunal in the determination of a controversy that is dependent on disputed facts nor to review proceedings in which the board acted on conflicting evidence. (*Bandini Estate Co.* v. *Payne*, 10 Cal.App.2d 623 [52 P.2d 959].) ■ Local boards (not those having statewide authority) may act in a judicial capacity as a quasi judicial body. (*Nider* v. *Homan*, 32 Cal.App.2d 11 [89 P.2d 136], and cases cited.)

■ A decision of such a tribunal will not be rejected by the court unless there is proof of fraud or of such arbitrary and unreasonable action in wilful disregard of the law as amounts to constructive fraud. (*Sullivan* v. *Gage*, 145 Cal. 759 [79 P. 537]; *Hammond Lumber Co.* v. *County of Los Angeles*, 104 Cal.App. 235 [285 P. 896].)

■ "Mandamus cannot be used to control the discretion of a board, that is, it will not lie to compel the exercise of discretion in a particular manner, but the court will, by mandate, correct an abuse of discretion. (*Inglin* v. *Hoppin*, 156 Cal. 483 [105 P. 582]; *Klevesahl* v. *Byington*, 1 Cal.App.2d 671 [37 P.2d 179].) ■ To have any standing in court it was incumbent on plaintiff to plead and prove that defendants acted arbitrarily, capriciously, fraudulently, or illegally. (*Sevina* v. *Hickok*, 113 Cal.App. 301 [298 P. 116].) Plaintiff has not met this issue and his complaint in this respect is defective. (*Hogan* v. *Retirement Board*, 13 Cal.App. 2d 676 [57 P.2d 520]; *Vincent Petroleum Corp.* v. *Culver City*, 43 Cal.App.2d 511 [111 P.2d 433].) No evidence was introduced at the trial to the effect that defendants acted

otherwise than honestly and in good faith on the facts presented to them either in ordering plaintiff's retirement or in refusing to reconsider their order. When a board has authority to hear and determine a question its determination is, in effect, a judgment having all the incidents of a court of limited jurisdiction, and if there is no charge of fraud, breach of faith, or abuse of discretion, the finding of the board is final and conclusive. (*Mogan* v. *Board of Police Commrs.*, 100 Cal.App. 270 [279 P. 1080] ; *McColgan* v. *Board of Police Commrs.*, 130 Cal.App. 66 [19 P.2d 815].)

 "In several previous mandamus proceedings I have held that while mandate is ordinarily classed as a legal remedy it has the effect of an equitable interference supplementing the deficiencies of the common law (*Potomac Oil Co.* v. *Dye*, 10 Cal.App. 534 [102 P. 677]), that the issuance of the writ is largely controlled by equitable principles (*Duncan Townsite Co.* v. *Lane, supra; United States* v. *Lane*, 249 U.S. 367 [39 S.Ct. 293, 63 L.Ed. 650]), and that a writ of mandate will not issue in aid of one who does not come into court with clean hands. (*United States* v. *Fisher*, 222 U.S. 204 [32 S.Ct. 37, 56 L.Ed. 165] ; *Bashore* v. *Superior Court*, 152 Cal. 1 [91 P. 801].) These principles are applicable to the instant proceeding. Although plaintiff's representations made to previous employers concerning the date of his birth are not germane to the issue here and have no reference to the transaction between plaintiff and defendants and therefore do not bar plaintiff's action for want of clean hands, his two verified statements are directly a part of his representations to defendants, especially his application for membership in the retirement system. Here was a positive declaration of his age from which the date of his retirement was to be determined.

"Plaintiff's petition for a writ of mandate is denied and the alternative writ is discharged. Judgment is ordered in favor of defendants."

The judgment is affirmed.

Moore, P. J., and Wood (W. J.), J., concurred.

A petition for a rehearing was denied April 20, 1944, and appellant's petition for a hearing by the Supreme Court was denied May 25, 1944.