## Sunno v. Samuel, Mayor, et al.

*Bernard L. Lemisch* and *Alfred I. Ginsburg*, for plaintiff.

*J. F. Ryan*, assistant city solicitor, for defendants.

HAGAN, J., February 2, 1951.—This matter comes before the court on plaintiff's complaint in mandamus against the Mayor, the Director of Public Safety and the Civil Service Commissioners of the City of Philadelphia praying that this court enter an order that plaintiff is entitled to the office of patrolman in the Bureau of Police, Department of Public Safety, of the City of Philadelphia, and that an order of August 9, 1950, is-

sued by the director of public safety, retiring plaintiff from service, be declared null and void.

The complaint sets forth that notice was given to plaintiff on August 9, 1950, that the records in the bureau of police disclosed that he was born on August 18, 1885, and that upon his arrival at the age of 65 on August 18, 1950, he would be honorably retired from the bureau of police and no longer carried on its rolls. The complaint alleged that plaintiff was, in fact, born May 10, 1890, and that he will not attain the age of 65 until May 10, 1955; and that, therefore, he is not subject to compulsory retirement as a patrolman in accordance with the aforesaid written notice of the director of public safety.

The answer of defendants avers that when plaintiff entered the service of the bureau of police in the year 1917 he gave the date of his birth as August 18, 1885; that he is now estopped from asserting that the date of his birth is May 10, 1890, and that, therefore, he was properly retired on August 18, 1950.

Both parties having waived a jury trial, the matter came on for hearing on December 12, 1950, and evidence was submitted by plaintiff and defendants.

Plaintiff testified that he was born in Italy; that he came to this country with his parents when he was five years of age; and that he never knew his correct age until two years ago, at which time, after having learned that he would be retired from service on reaching age 65, he procured a birth certificate showing the date of his birth as May 10, 1890. He admitted that in his application to the police department of August 22, 1917, he declared the date of his birth as August 18, 1885, so that he then represented himself to be 32 years of age. He testified that he did not know his age at the time of the filing of his application; that he had no particular reason for declaring August 18, 1885, as

the date of his birth, and he said: "I took what came into my mind."

The evidence disclosed that in the year 1931 plaintiff signed a form which gave his name, rank, number, district, place of birth and age, and in which he again declared that he was born on August 18, 1885.

Plaintiff offered in evidence a paper purporting to be a copy of his birth certificate, showing the date of his birth as May 10, 1890. The certificate bears the stamp or seal of the Bureau of Vital Statistics of the Municipality of Monatella, Italy, although there is no certification or authentication by the seal of any official of the consular service of the United States or the Secretary of Foreign Affairs, or the Italian seal of state. The city solicitor, appearing for defendants, did not object to the introduction of this certificate in evidence because of any lack of authentication, but merely confined his objections to an obvious error in stating the date of birth as the year 1990, rather than the year 1890.

Assuming that the birth certificate correctly records the date of plaintiff's birth, his testimony that he did not know the date of his birth and that he thought himself to be five years older than he really was is not credible, particularly when considered with his general testimony, which was equivocal and evasive. The following are fair samples of plaintiff's testimony: When asked why he picked August 18, 1885, as the date of his birth at the time he made application to the police department, he said, "I had to put something down." He said he was married in Philadelphia, but did not remember the age he had given in his application for the license. He said that he voted when he reached the age of 21 years, but he did not remember whether he voted with reference to his real or his assumed age. He said that he went to the seventh grade in school, and when he came out he did not know whether he was 14 or

19 years of age. He said he began working for the Philadelphia Traction Company as a motorman in 1909, but he did not know how old he was at the time. He said that he never discussed his age with his father and mother. Plaintiff offered no corroborating witnesses or documents to support his bald statement that until he received his birth certificate two years ago he considered himself to be five years older than he really was.

Even if plaintiff's testimony is accepted as credible, principles of equity require that he should be held to the statement of his age given to the bureau of police at the time of his application in 1917, and reaffirmed 14 years later in 1931. Plaintiff does not have an absolute right to a writ of mandamus, and whether such a writ shall issue is a matter for the exercise of the sound discretion of the court: Gold v. Building Committee of Warren Borough et al., 334 Pa. 10; Sinking Fund Commissioners of Philadelphia v. Philadelphia et al., 324 Pa. 129. Equitable considerations govern the issuance of a writ of mandamus, and one who seeks it must show that his prior conduct connected with the controversy justifies the granting of relief: Knauer v. Barnes et al., 41 Dauph. 189. In considering the writ of mandamus the court will act in view of all the existing facts and with due regard to the consequences, and give proper consideration to the equities of the parties and to the question whether it will work substantial justice: 34 Am. Jur., sec. 40, under the title "Mandamus". A mandamus will not issue to restore a person to office where such order of reinstatement would tend to disorder and confusion: 35 Am. Jur., §240, under the title "Mandamus".

There are no Pennsylvania cases directly in point. However, there are cases in other jurisdictions based upon facts which closely parallel the instant case. Thus, in the case of Wallace v. Board of Education of the

City of Los Angeles et al., 63 Cal. App. (2d) 611, 147 P.(2d) 8, it was held that a school building engineer who had been retired in 1941 upon reaching retirement age of 67 years was precluded, because of want of "clean hands", from maintaining a mandamus action to compel the board to reinstate him on the ground that he was born in 1877 and not in 1873, in view of his verified statements to the board and in his application for membership in the retirement system that he had been born in 1873.

In 55 C. J. S. 33 §10(a), under the title of "Mandamus", it is said:

"The interest of the general public will be considered in determining whether or not the writ should issue, and the writ may be refused where such interest would be injuriously affected. . . .

"Where the issue of the writ would disturb official action, or create disorder or confusion, it may be denied. . . .

"Mandamus should not be issued when it will operate inequitably or as an excessive burden on defendant. . . ."

In Oystermen's Dock Co. v. Downing, 249 N. Y. S. 558, 232 App. Div. 295, it was held that the court's discretion as to the issuance of mandamus must be governed by considerations of public policy.

In applying these principles to the instant case, the police department of a municipality of the size of Philadelphia should be able to hold its employes to their voluntary declarations of age; particularly where, as here, such voluntary declaration was later reaffirmed by the employe in compliance with a general survey made by the department for the purpose of checking on the age of its employes. Disorder, confusion and inequalities would result in the management and operation of the police department of this city if its planned system of retirement of employes, based upon

their own written declarations of dates of birth, on the basis of which their retirement was predicated, could be changed and revised by a subsequent declaration of an employe about to be retired in accordance with the plan that he was mistaken in the date of his birth declared by him at the time of his application for employment and confirmed 14 years later. To hold otherwise would endanger the orderly processes of government and violate all sound principles of municipal economy.

For these reasons plaintiff's complaint is dismissed and the court finds for defendants.