[Civ. No. 4651.   Fourth Dist.   Mar. 2, 1954.]

GEORGE E. RAYMOND, Appellant, v. FRESNO CITY UNIFIED SCHOOL DISTRICT et al., Respondents.

Louis J. Coelho for Appellant.

Robert M. Wash, County Counsel (Fresno), John E. Loomis, Assistant County Counsel, and Crossland & Crossland for Respondents.

MUSSELL, J.—Plaintiff, a general building contractor, alleges in this action for declaratory relief that he was the lowest responsible bidder for the construction of a school building in Fresno; that he was entitled to the award of the contract for such construction; that contrary to law, the defendant board of education neglected and refused to award the contract to him and awarded it to the next lowest bidder without rejecting all bids and advertising for new bids; that the defendant school district, board of education and members thereof were without jurisdiction to award the contract to the next lowest bidder; that as a result of the ultra vires act

of the defendants, plaintiff was deprived of a reasonable profit in the sum of $9,670 and that the taxpayers were compelled to pay $1,800 more than plaintiff's bid for the construction of said building.

On May 31, 1951, all the bids submitted to the defendant board of education for the construction of said school building were opened. Pursuant to the advertisement calling for bids, the plaintiff had bid $96,700 and the defendant Ward had bid $98,500 for the contract. Plaintiff's bid was the lowest and Ward's the next lowest. All bids were submitted by the board of education to its building and grounds committee, consisting of all the members of the said board. Thereafter the board of education heard the findings of this committee and other evidence, found that plaintiff was not a responsible bidder within the meaning of the Education Code of the State of California, section 18051, and awarded the contract to the defendant Ward.

Several months prior to the award of the contract herein, plaintiff Raymond had constructed another school building for the defendant school district. This building was known as the Jane Addams school and there were many complaints made to the members of the board concerning plaintiff's failure to properly perform that contract. On August 3, 1950, the architects of this building wrote to the assistant superintendent of the district calling attention to plaintiff's failure to perform his contract with respect to broken tile, correcting work relating to kitchen equipment, painting, window screens and latches, and adjustments of door closers. In another letter to the board the architects called attention to many particulars in which plaintiff had failed and neglected to complete his contract.

Arthur Selland, one of the board members who inspected the building, testified as to items of poor workmanship; that doors were not fitted or hung properly; that the heating system was leaking; that "during the building of the school there seemed to be so much trouble, so many things that were constantly coming up to the board. We were asked to go out there and see about things. . . . We did go out there and nobody would be on the job. There would be no one working. They would be gone. The subcontractors were calling up and complaining about no cooperation with the contractor. They would have to make so many trips to finally complete the job and the paint job in the offices was very poor."

Ralph Allred, who was principal of the Jane Addams school,

testified that he discussed the paint job with the board, the fact that the walls could not be washed; that the tile had not been fixed; that the concrete work contained debris in the surface, and also discussed other items mentioned in his written report.

The defendant board of education discussed the contents of the letters written to assistant superintendent Trombetta, the various reports concerning plaintiff's performance of the Jane Addams school contract and found that plaintiff was not a responsible bidder. There was no evidence offered or received of fraud or collusion and fraud was not alleged in the complaint.

The trial court found that the defendant board, after opening bids for the construction referred to in plaintiff's complaint, took evidence upon the question of whether or not the plaintiff was the lowest responsible bidder within the meaning of section 18051 of the Education Code. Said board found that plaintiff was not the lowest responsible bidder and that the defendant Clarence E. Ward was the lowest responsible bidder; that said findings of the board of education relating thereto were supported by amply sufficient and substantial evidence; that said action of the board was not an abuse of discretion and was taken without caprice or fraud. Judgment was entered that the contract involved was duly and regularly let in the manner provided by law; that plaintiff acquired no interest therein or thereto by reason of any of the proceedings had in relation thereto; that he acquired no right at any time to have said contract awarded to him and that he was not entitled to recover damages.

Plaintiff appeals from the judgment and first argues that school boards, as such, in the State of California have no authority to reject the lowest bidder's bid without rejecting all bids. This argument is without merit. Section 18051 of the Education Code provides as follows:

"The governing board of any school district shall let any contracts involving an expenditure of more than five hundred dollars ($500) for work to be done or for materials or supplies to be furnished, sold, or leased to the district, to the lowest responsible bidder who shall give such security as the board requires, or else reject all bids. This section applies to all materials and supplies whether patented or otherwise."

This section requires a school board to award a construction contract such as is here involved to the lowest responsible bidder. In *Cyr* v. *White*, 83 Cal.App.2d 22, 28 [187 P.2d 834],

the court, in considering the meaning of the term "lowest responsible. bidder" as used in city charters, said (quoting from *West* v. *Oakland*, 30 Cal.App. 556 [159 P. 202]):

" ' . . . There are many occasions in the experiences of municipal government when the quality of the thing to be supplied in the course of the public service depends upon conditions which differentiate bidders, and require the exercise of a sound discretion on the part of city officials in determining whether the wares or device which each individual bidder offers in the form of his own exclusive design are such as will meet the particular requirements of the intended work. In order to cover such cases it is quite usual in the provisions of city charters to find such terms as "lowest and best bidder," or as "lowest responsible bidder," and the like; and these phrases have been given by the courts a particular meaning, in which it must be presumed they are used by the framers of city charters in the absence of other limiting clauses. The term "lowest responsible bidder" has been held to mean the lowest bidder whose offer best responds in quality, fitness, and capacity to the particular requirements of the proposed work; and that where by the use of these terms the council has been invested with discretionary power as to which is the lowest responsible bidder, having regard to the quality and adaptability of the material or article to the particular requirements of its use, such discretion will not be interfered with by the courts in the absence of direct averments and proof of fraud. (2 Dillon on Municipal Corporations, 5th ed., § 811, p. 1223, and cases cited.) And even when in statutes and charters the term "lowest bidder" only is employed, the courts have held that in determining whether a bid is the lowest among several others, there may be cases where the quality and ability of the thing offered—in other words, its adaptability to the purpose for which it is required—may be considered.' "

It was further held that "The rule in this state is that it is not necessary for a city council awarding a bid to other than the lowest bidder to make a specific finding or record to the effect that the lowest bidder was not the lowest responsible bidder, and that to attack the award, the attacker must allege and prove fraud."

In the instant case the defendant board of education was not required to make a specific finding that plaintiff was not the lowest responsible bidder and its award of the contract cannot be here attacked since fraud was not alleged or proved. Even if we assume that it was necessary that the board make

a finding that plaintiff was not the lowest responsible bidder, the evidence introduced was sufficient to support the finding made by the board and the trial court so found.

As was said in *Wallace* v. *Board of Education,* 63 Cal.App. 2d 611, 617 [147 P.2d 8]:

"When a board has authority to hear and determine a question its determination is, in effect, a judgment having all the incidents of a court of limited jurisdiction, and if there is no charge of fraud, breach of faith, or abuse of discretion, the finding of the board is final and conclusive. (*Mogan* v. *Board of Police Commrs.,* 100 Cal.App. 270 [279 P. 1080]; *McColgan* v. *Board of Police Commrs.,* 130 Cal.App. 66 [19 P.2d 815].)"

Appellant argues that defendants failed to prove that the board of education acted as a board in arriving at its conclusion that appellant was not a responsible bidder and failed to show that a quorum of the board considered the question. However, the evidence is that the members of the board of education, who were also members of the building and grounds committee, were all present when it considered appellant's bid and voted unanimously to recommend the rejection of appellant's bid and awarded the contract to Clarence Ward Construction Company, the lowest responsible bidder. Thereafter plaintiff was notified in writing by the assistant superintendent of schools that the bid was awarded to the Ward Construction Company. Moreover, the minutes of the board show that on motion of member Selland, seconded by member Turner, that upon recommendation of the building and grounds committee, the board of education found the Raymond Construction Company is not a responsible bidder and "hereby awards the contract for the construction of the Roosevelt shops to the Clarence Ward Company, the lowest responsible bidder."

Judgment affirmed.

Barnard, P. J., and Griffin, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 28, 1954.