[Civ. No. 8825. Third Dist. Apr. 18, 1956.]

AL SCHUMM et al., Appellants, v. THE BOARD OF SUPERVISORS OF SAN JOAQUIN COUNTY et al., Respondents.

Jeffry & Jeffry and Blewett, Blewett, Macey & Garretson for Appellants.

Richard W. Dickenson, County Counsel (San Joaquin), Forslund & Wilson and Douglas E. Wilson for Respondents.

SCHOTTKY, J.—This is an appeal upon a clerk's transcript from a judgment discharging writ of review and affirming proceedings of the San Joaquin County Planning Commission and the Board of Supervisors of San Joaquin County. Plaintiffs and appellants are the owners of a portion of Lots 6 and 7 of a subdivision in the suburban area northwest of the city of Stockton. The immediate area in question in this appeal has been classified as an R-A Residence District Suburban Farming. Amblers Club, a corporation, was made a party respondent in the proceedings before the superior court following the granting of its petition by way of intervention.

The Amblers Club purchased a portion of Lot 6. It desired to construct a clubhouse and swimming pool and it filed an application for a use permit on June 1, 1953, with the San Joaquin County Planning Commission. The petition

stated in part: "Our activities will be private and noncommercial. We propose to landscape the property and provide ample parking." It also stated: "We, the undersigned owners of property within 400 feet of the property described in this application hereby certify that we have read the foregoing application and agree that the facts relative thereto are stated correctly and completely, and we agree that the application should be granted." Following this are the signatures of a Mr. and Mrs. Prato and a Mr. and Mrs. Green.

At the hearing before the planning commission on June 4, 1953, the commission unanimously granted the permit. On June 15, 1953, appellant Schumm filed a notice of appeal and a public hearing was set for July 1, 1953, before the board of supervisors. On June 23, 1953, the zoning committee of the planning commission directed a report to the board of supervisors, a portion of which stated: "It is now apparent that the large majority of abutting owners are opposing the Amblers Club project (as of this date), and it has been noted that the consent signatures on the original application are those of owners not adjacent but removed by almost 200 feet. The Planning Commission was not informed that certain abutting owners, as stated in their letters, had been requested to sign their consent but had refused. . . . [I]n view of the now expressed opposition of most of the abutting owners, the action of the Planning Commission is perhaps somewhat questionable and might not have been taken had they been fully informed of the facts that have come to light since the meeting of June 4th." Nevertheless, at the conclusion of the hearing on July 1, 1953, the board of supervisors found that sufficient facts did not exist to justify the revocation or modification of the use permit, and ordered that the appeal be denied and the action of the county planning commission be affirmed.

On July 2, 1953, the use permit was reissued, said permit stating, among other things, "That the proposed activities of the Amblers Club will not, on the basis of the facts submitted, be detrimental to the properties or dwellers in the vicinity, nor to the general public welfare."

On July 15, 1953, appellants filed their petition for a writ of review. Following the issuance of the writ, the filing of the return thereto, and argument thereon, the matter was submitted to the superior court, and on October 20, 1954, judgment was entered discharging the writ and affirming the pro-

ceedings of the county planning commission and of the board of supervisors.

The first question raised on appeal by appellants is that the planning commission and the board of supervisors were each without legal authority to grant the Amblers Club a use permit in an R-A Residence-District Suburban Farming Area.

In granting the use permit on July 2, 1953, the planning commission made the finding: "That the use is permitted, subject to securing a Use Permit, as a recreational enterprise in an R-A Residence Agricultural District, as provided in Section 12(a) 6 of said Ordinance." Appellants contend that since section 12(a) 6 provides that the planning commission may grant a use permit for the following uses: "Public stables, riding academies, miniature golf courses and ranges, or similar semi-commercial-recreational uses subject to the securing of a use permit in each case," and since the Amblers Club is none of these, there was no basis upon which the planning commission or the board of supervisors could grant a use permit, and thus acted without any authority. Appellants argue further that where a private club such as the Amblers Club may be permitted *expressly* in an *R-4 Residence District* but such use is *not* mentioned in an *R-A Residence District*, the basic principles of statutory construction and interpretation would rule out a private club in the area where it is not expressly included.

Respondents, in reply, contend that the use proposed by the Amblers Club is a "semi-commercial-recreational use," as provided in section 12(a) 6. Those uses enumerated in that section are merely other types of semicommercial-recreational uses and are not exclusive. Respondents argue that having a clubhouse and swimming pool is certainly a recreational use. Respondents assert that since the planning commission is given the power to interpret the provisions of the ordinance, and since the commission has previously issued a similar use permit to the Pacific Women's Club directly across the street, and a country club with an 18-hole golf course has existed in the neighborhood for many years the issuance of the present use permit was proper.

We are unable to agree with appellant's contention that the granting of the permit was not in accordance with the provisions of section 12(a) 6. We are convinced that the respondent planning commission was fully justified in deciding that the use proposed by the Amblers Club was within the

terms of said section. Certainly a clubhouse and swimming pool is a recreational use and the Amblers Club can also be classified as semicommercial. The ordinance provides that the commission "shall have the power to grant adjustments and use permits as hereinafter provided," and its determination in doing so should not be set aside by a court until it has acted beyond its powers or has abused its discretion.

Appellants next contend that the evidence before the board of supervisors and the planning commission was without any sufficiency whatsoever to enable those bodies to act upon the application of the Amblers Club, and that the court has the power to reach its independent judgment as to "jurisdictional facts."

Appellants assert that "jurisdictional facts" are those facts, the existence or nonexistence of which are essential to the determination of whether or not the inferior tribunal had jurisdiction. Appellants argue that the court can inquire into the existence of jurisdiction and while the commission and board had the power over the subject matter, they failed to comply with the conditions precedent to the exercise of the power. Appellants urge that there has not been a compliance with section 24, subdivision (c) of the basic zoning ordinance, which provides: "In recommending the approval of any use permit the Planning Commission shall find that the establishment, maintenance and/or conducting of said use will not, under the circumstances of the particular case, be detrimental to the *health, safety, morals, comfort or welfare* of persons residing or working in the neighborhood of said use or to property or improvements in said neighborhood or will not be contrary to the general public welfare." Appellants contend that there must be substantial evidence in support of the findings of the existence of the "jurisdictional facts" in order for the findings to be supported, and the reviewing court has and should use its power to make its own independent judgment as to the facts of jurisdiction.

In summing up this evidence appellants contend that the only evidence favorable to the position of respondents showed that the appearance of the proposed clubhouse and other improvements would not be objectionable. Appellants do not seek to attack this. It is the contention of appellants that the proposed use in the location proposed is not consistent with an orderly and planned community. Under no circumstances could any of the uses testified to be considered to be not detrimental to the comfort and welfare of the persons resid-

ing in the neighborhood. The noise, dust, and particularly the increased traffic make the neighborhood very undesirable and uncomfortable for the persons residing nearby and unreasonably dangerous to the children residing near said use.

Respondents in reply correctly take the position that the superior court on an application for a writ of mandate or a writ of review to review an order of a local quasi-judicial body such as the board has no right to judge the intrinsic value of the evidence nor to weigh it but is limited to determine whether there was substantial evidence before the body to support its decision. Respondents argue that in the instant case the decision of the board, having been made after a full hearing before it, and after all the requirements of the zoning ordinance had been met should be sustained by the court. They state that appellants have attempted to retry in the courts all the facts produced at the hearing before the commission and the board, and that the alleged "jurisdictional facts" are not "jurisdictional facts" at all, especially since the ordinance specifically grants jurisdiction to the planning commission to issue use permits and likewise provides for an appeal to the board whose decision under the ordinance is made final and conclusive. Respondents argue further that if such facts, for the purpose of argument, be considered "jurisdictional facts," still appellants have no cause for complaint in that the evidence is more than sufficient to establish the existence of said facts. This evidence is to the effect that the area is relatively uninhabited, that similar uses had already been granted, that the clubhouse, swimming pool and landscaping will be a beneficial improvement, and that the proposed recreational activities, including the use by the character-building Boy Scouts, would be beneficial to the public welfare. Respondents conclude that there is substantial evidence to uphold a finding that such use would not be detrimental to persons or properties in said area.

We believe that the argument of appellants is chiefly an argument upon the weight of the evidence and the wisdom of the planning commission in granting the permit. But as stated in *Wheeler* v. *Gregg,* 90 Cal.App.2d 348, at page 361 [203 P.2d 37]:

". . . Whether or not the granting of the permit herein was wise as a matter of policy is something which is beyond the courts to determine unless the ordinance under which such action is taken is unconstitutional or void. The rule is in-

delibly written into our law that all questions of policy and wisdom concerning matters of municipal affairs are for the determination of the legislative governing body of the municipality and not for the courts. In the exercise of the policy power a large discretion is vested in the legislative branch of the government. The function of the courts is to determine whether or not the municipal bodies acted within the limits of their power and discretion. Courts are not authorized to entertain a hearing de novo and then make such order as in their opinion the municipal authorities should have made. Were the rule otherwise, courts would be usurping the functions of the municipal governing body (*Lockard* v. *City of Los Angeles,* 33 Cal.2d 453, 461 [202 P.2d 38, 7 A.L.R.2d 990]).

''The determination of what harmonizes with the elements and objectives of the master zoning plan having been committed to the discretion of the local governing bodies, the burden of proving that the city council acted without substantial evidence and in excess of jurisdiction, rested upon appellants. And this requirement is not satisfied by a mere showing that there was a conflict in the evidence, or that the city council on the basis of the record before it, might have been justified in deciding differently, or that the record before the council might have supported a conclusion contrary to that which was arrived at (*Hogan* v. *Retirement Board,* 13 Cal.App.2d 676, 677 [57 P.2d 520]).''

█ Appellants make the further contention that the respondent commission failed to make findings as required by section 24, subdivision (c), of the basic zoning ordinance, hereinbefore quoted. In ruling contrary to this contention the trial court stated in its memorandum opinion:

''. . . I do not believe it necessary that before announcing the result of its study the Commission was duty-bound to make a written finding that the use to which the property was to be put would not be 'detrimental to the health, safety, morals, comfort or welfare of persons residing or working in the neighborhood of said use or to property or improvements in said neighborhood or will not be contrary to the general public welfare.' Since this was a statutory condition of the granting of such permit, it may be assumed that the Planning Commission acted lawfully within the premises and otherwise performed its duty.

''Pursuant to the ordinance plaintiffs appealed from the decision and thereupon the Board of Supervisors, after giving

the requisite notice, held a public hearing at which time both proponents and opponents were sworn and examined. The Board of Supervisors, after a full consideration of the matter, approved the action of the Planning Commission and made its order accordingly. The Commission thereupon reissued the permit and made the written finding above referred to.''

We agree with this statement.

We conclude that the record shows that appellants had a full and fair hearing before the planning commission and the board of supervisors, that said bodies have jurisdiction in the matter and that there was ample evidence to support the granting of the permit.

The judgment is affirmed.

Van Dyke, P. J., and Peek, J., concurred.